[No. 23259. Department Two. March 9, 1933.]

THE STATE OF WASHINGTON, *Respondent,* v. EDITH M. FOSTER, *Appellant.*[1]

*A. W. Swanson,* for appellant.

*Charles R. Denney* and *Francis W. Mansfield,* for respondent.

TOLMAN, J.—Appellant was, with her husband, A. C. Foster, convicted of the offense of possession of intoxicating liquor for the purpose of unlawful sale. She alone appeals.

At the time when the case was set for trial in the superior court, a motion for continuance was made on behalf of both defendants, based upon an affidavit by a physician to the effect that, owing to her physical condition, the strain and anxiety of a trial would be

[1]Reported in 19 P. (2d) 918.

dangerous to appellant's health. A controverting affidavit by another physician was offered which, in effect, stated that, while appellant was nervous, owing to the charge pending against her, still, in the opinion of the affiant, she was able to attend upon the trial without danger to her health and without serious inconvenience. The motion for continuance was thereupon denied.

It further appears that, when the ruling was announced denying the continuance, someone addressing the court said, in effect, that appellant would be brought into court, if necessary, on a stretcher. To which the court responded, according to the affidavit shown in the record, that she, the appellant, "might make that play if she desired so to do." It is further made to appear that the entire jury panel then in attendance was in the court room at the time of the occurrence related, except only twelve jurors who were then considering another case.

When the case was actually called for trial, and before the process of selecting a jury was entered upon, a motion was interposed asking the court to discharge the jury panel or that the jurors constituting the panel be held to be disqualified to sit as jurors in the trial of the case. This motion was likewise denied. The refusal to continue, together with the refusal to disqualify the jury panel, are together made the basis of the first assignment of error.

As to the refusal of the continuance, little need be said. Taking the view most favorable to the appellant, if the facts were not actually against her, they were not more than evenly balanced, and she therefore failed to sustain the burden placed upon her by law as the moving party. Had the showing been much stronger, we might still be bound to hold that the trial court did not abuse his discretion.

 Likewise, we see no error in the refusal to discharge the jury panel. While it is shown by affidavit, not controverted, that the remark of the trial judge was made in the presence of the jury panel, except twelve, there is no showing that the jurors selected to try the case were not the twelve who were then absent, nor is the *voir dire* examination shown in the record; and we have no means of knowing whether the jurors, or any of them, actually heard the court's remark, or, if so, what effect, if any, that remark had upon them.

Still more important, as we see it, is the fact that appellant appeared in person at the trial and attended throughout, and the record wholly fails to indicate that she suffered any unfavorable effects therefrom, or was in any wise hampered or inconvenienced in presenting her defense. If appellant was able to attend and did attend without suffering or inconvenience, then prejudice, if any, created in the minds of the jurors would naturally arise from her unjustifiable attempt to secure a continuance, and no court is called upon to protect a litigant from prejudice arising from his own deliberate wrongful act.

All of the other assignments of error go to the sufficiency of the evidence to support the verdict. As this is probably the last case to be here decided under a law now repealed, we see no advantage to be gained by a discussion of the facts. It is sufficient to say that, after a careful reading, we are satisfied that the evidence was sufficient to take the case to the jury and to support the verdict.

The judgment is affirmed.

BEALS, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.